IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSHUA D. LIVINGSTON,

                    Plaintiff,

          v.                         CASE NO.  07-3255-SAC

RAYMOND ROBERTS, JR.,
et al.,

                    Defendants.

O R D E R

     This civil rights complaint, 42 U.S.C. § 1983, was filed by
an inmate of the El Dorado Correctional Facility, El Dorado, Kansas
(EDCF).   Defendants are EDCF Warden Raymond Roberts, Kansas
Department of Corrections (KDOC) employee Gloria Geitler, "Chaplain
Biby, and Chaplain Phelan."

     As the factual background for his case, plaintiff alleges
he has "been practicing the Asatru religion since the summer of
2004," and has been "discriminated against because of (his)
religion" and not allowed to practice it freely.   He alleges he
"submitted a request for accommodation to Gloria Geitler," that
defendant Roberts "answered that request," and that Chaplain Biby
Chaplain Phelan refuse to allow him to practice his religion.

     Plaintiff asserts that his rights under the First Amendment
have been violated and cites the "Religious Land Use and
Institutionalized Persons Act of 2000."   He also asserts it is
cruel and unusual punishment, citing the Eighth Amendment, to

prevent him from adhering to his religion "due to his placement in administrative segregation."   Plaintiff alleges he has sought administrative relief.   He requests a preliminary and permanent injunction, as well as nominal, compensatory, and punitive damages.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Mr. Livingston has submitted a copy of his "Inmate Account Statement" for the six months preceding the filing of his complaint, which this court has filed as a Motion for Leave to Proceed in forma pauperis (Doc. 2).  Plaintiff is reminded that the granting of leave to proceed in forma pauperis merely entitles him to pay the filing fee over time with periodic payments automatically deducted from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2); and that pursuant to 28 U.S.C. § 1915(b)(1), he will remain obligated to pay the full $350.00 filing fee in this civil action.

Plaintiff has been already been ordered to submit a partial filing fee in Case No. 07-3229, and will have an outstanding fee obligation of $343.00 in that case once he pays the initial partial filing fee and is granted leave to proceed in forma pauperis therein.  Collection action of the $350.00 filing fee for this case would begin upon plaintiff's satisfaction of that prior obligation. The court reserves ruling upon plaintiff's in forma pauperis motion in this action until the initial partial filing fee requirement in Case No. 07-3229 has been resolved.

**SCREENING**

Because Mr. Livingston is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds that the complaint is subject to being dismissed for the following reasons.

**FAILURE TO STATE FACTS IN SUPPORT OF A CLAIM**

Plaintiff utterly fails to describe any tenets or established practices of the Asatru religion.  Nor does he describe any acts by the named defendants showing their personal and direct participation in preventing him from practicing particular tenets of this religion.  Plaintiff does not even mention the named defendant in the body of his complaint or describe any of their actions which had the effect of denying his constitutional rights. Plaintiff may not recover against the named defendants based upon such conclusory claims.  He will be given time to supplement his complaint with facts describing how and when each named defendant personally and directly interfered with his practice of particular tenets of the Asatru religion.  If he fails to allege sufficient facts showing the personal participation in specific acts by each named defendant, this action may be dismissed without further notice for failure to state facts in support of his claim.

**MOTION FOR JOINDER**

Plaintiff files a Motion for Joinder under FRCP Rule 18, in which he asks that this action be joined with a prior civil rights action filed by him, Livingston v. Buchanan, No. 07-3229-SAC. His motion for joinder is denied because the parties and the claims in these two cases are not the same or even related. Nor is there any common question or right to relief asserted against all defendants in both cases.

**REQUEST FOR PRELIMINARY INJUNCTION**

Plaintiff's request for preliminary injunction is denied for the reason that plaintiff's allegations of irreparable harm are conclusory, and he fails to establish the other prerequisites, which might entitle him to such extraordinary relief.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to supplement his complaint with factual allegations showing the personal participation of each defendant in acts interfering with plaintiff's practice of specific tenets of his religion.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Joinder (Doc. 3) and request for preliminary injunction are denied.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge