IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA D. LIVINGSTON,**

                        Plaintiff,

           v.                        CASE NO. 07-3255-SAC

**RAYMOND ROBERTS, JR.,**
**et al.,**

                        Defendants.

## O R D E R

In this civil rights complaint, 42 U.S.C. § 1983, an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF), claims the Warden and employees at the EDCF are interfering with the practice of his religion. He seeks injunctive as well as monetary relief.

The court finds plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) should be granted. Mr. Livingston is already proceeding without prepayment of fees in pending Case No. 07-3229, and has an outstanding fee obligation of $343.00 in that case. Collection action of the $350.00 filing fee for this case shall begin upon plaintiff's satisfaction of that prior obligation. Mr. Livingston is reminded that pursuant to 28 U.S.C. § 1915(b)(1), he remains obligated to pay the full $350.00 filing fee in each civil action that he files. The granting of leave to proceed in forma pauperis merely entitles him to pay the filing fee over time with periodic payments from his inmate trust fund account as

detailed in 28 U.S.C. § 1915(b)(2).  The Finance Office of the facility where plaintiff is currently incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the outstanding filing fees have been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

On November 15, 2007, this court entered an Order, upon screening, finding that the complaint was subject to being dismissed for reasons stated therein, including failure to state facts in support of a claim.  Plaintiff was given time to supplement his complaint with factual allegations showing personal participation of the named defendants in acts that interfered with the practice of specific tenets of his religion.  Plaintiff has since filed a Supplement to his Complaint, which adequately describes some tenets of his Asatru religion and how he believes defendants have interfered with his religious practices.  The court finds that proper processing of plaintiff's claims, as supplemented, cannot be achieved without additional information from appropriate officials of the El Dorado Correctional Facility. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**MOTIONS FOR JOINDER**

Motions for Permissive Joinder of Parties have been filed herein pursuant to FRCP Rule 20(a) by Ronald Murray (Doc. 5) and Jeff Hunt (Doc. 6). Having considered these motions, the court finds they should be denied. This court has recently ruled in other prisoner civil rights actions with multiple plaintiffs that such matters must be severed into separate actions in which each plaintiff proceeds on his own and is responsible for the full $350.00 district court filing fee. See e.g., Hershberger and Ghane v. Evercom, 07-3152-SAC (Jan. 2, 2008). Mr. Murray has already submitted a separate complaint based upon the alleged denial of his right to practice the Asatru religion, which is presently pending, Case No. 07-3276. Mr. Hunt sought to join the case filed by Mr. Murray, but his claims were severed and a separate case was opened with him as sole plaintiff, Case No. 08-3087. After the filing of Mr. Hunt's separate case, he dismissed his action by submitting a Notice of Voluntary Dismissal pursuant to FRCP Rule 41(a). Thus, the court finds no need at this time to order separate complaints severed and filed on behalf of either movant[1].

The court notes that Ronald Murray has submitted a Motion to Communicate with plaintiff Livingston as well as a Motion for Class Action Certification and Counsel together with a memorandum

---

[1] If Mr. Hunt later decides to proceed on his claim of denial of religious freedom, he may file a new, separate complaint. If the judge or judges hearing the separate actions of Mr. Livingston and Mr. Murray determine there are common questions of fact and law, these cases may eventually be consolidated.

in support for filing in this case, even though he is not a party. Those documents have not been and will not be filed. Similar motions were filed and ruled upon in Mr. Murray's separate case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the Motions for Permissive Joinder by Murray (Doc. 5) and Hunt (Doc. 6) are denied.

**IT IS FURTHER ORDERED:**

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served upon defendants by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(2) Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of incidents underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to Mr. Murray and Mr. Hunt, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

**Dated this 16th day of April, 2008, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**