IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA D. LIVINGSTON,

      Plaintiff,

    vs.                            Case No. 07-3255-JTM

RAYMOND ROBERTS, et al.,

      Defendants.

MEMORANDUM AND ORDER

Two motions are before the court in this action by prison inmate Joshua Livingston, who claims that the named defendants violated his First and Eighth Amendment rights by preventing him from practicing "the religion of Asatru." (Dkt. No. 1, at 2). The defendants have moved to dismiss. (Dkt. No. 32). Livingston has moved for summary judgment in his favor. For the reasons stated herein, the court will grant the Motion to Dismiss and deny Livingston's Motion for Summary Judgment.

Since Livingston's original Complaint was devoid any specific allegations as to the individual defendants, the Court required Livingston to provide additional information as to each defendant's allegedly discriminatory acts. (Dkt. No. 4). The Court stated:

Plaintiff utterly fails to describe any tenets or established practices of the Asatru religion. Nor does he describe any acts by the named defendants showing their

> personal and direct participation in preventing him from practicing particular tenets of this religion. Plaintiff does not even mention the named defendant in the body of his complaint or describe any of their actions which had the effect of denying his constitutional rights. Plaintiff may not recover against the named defendants based upon such conclusory claims. He will be given time to supplement his complaint with facts describing how and when each named defendant personally and directly interfered with his practice of particular tenets of the Asatru religion. If he fails to allege sufficient facts showing the personal participation in specific acts by each named defendant, this action may be dismissed without further notice for failure to state facts in support of his claim.

(Id. at 3).

The court will now dismiss the action pursuant to its previous warning and defendants' recent motion. First, although Livingston has filed an additional supplemental pleading which provided a general summary of the Asatru religion, (Dkt. No. 7), this pleading otherwise substantially replicates the generic and conclusory allegations in the original Complaint as to how the individual defendants supposedly violated his ability to practice this religion. Thus, Livingston has failed to show the personal involvement of the individual defendants in the alleged constitutional deprivations. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Livingston merely names defendants as being involved in the general process of grievance appeals in the prison.  Given the absence of specific allegations against individual defendants, dismissal is appropriate.

Further, the court finds that Livingston's claims under the First and Eighth Amendments are subject to dismissal because his conclusory allegations fail to show that his constitutional rights were violated. With respect to the First Amendment, Livingston has failed to show that any particular action by the defendants represented a substantial burden on his ability to practice his religion. *See Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007).  Nor, with respect to the Eighth Amendment, has Livingston shown that any particular decision by prison officials was maliciously done, with the

effect of depriving him of the minimal civilized measure of life's necessities. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Because Livingston has failed to make the specific allegations required to support his claims, dismissal is appropriate.

Equally, summary judgment on behalf of Livingston will be denied. Livingston's motion seeking this relief (Dkt. No. 36) presents no statement of uncontroverted facts demonstrating the existence of either his First or Eighth Amendment claims, and fails again to demonstrate any particular actions by the individual defendants which would justify judgment against them.

IT IS ACCORDINGLY ORDERED this 20th day of May, 2009, that the defendants' Motion to Dismiss (Dkt. No. 32) is hereby granted; plaintiff's Motion for Summary Judgment (Dkt. No. 36) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE